UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA R. OLIVEIRA,<br><br>              Plaintiff,<br><br>     v.<br><br>SOLANO COUNTY SHERIFF'S CUSTODY DIVISION, et al.,<br><br>              Defendants. | No. 2: 23-cv-0661 KJN P<br><br>ORDER |

Plaintiff is a county prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These

payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Named as defendants are the Solano County Sheriff's Custody Division and Wellpath.  In claim one, plaintiff alleges that she was exposed to lice and scabies while on lockdown.  Plaintiff also alleges that she was exposed to mold and mildew while showering.  In claim two, plaintiff alleges that defendant Wellpath did not give plaintiff instructions regarding how to protect herself from contracting "this disease."  Plaintiff alleges that she was housed with "this person for the duration of her sickness."  Plaintiff alleges that she had panic attacks out of fear of getting this disease and developed itchy patches.

The undersigned first addresses claim one, which appears to be made against defendant Solano County Sheriff's Custody Division.

An agency or department of a municipal entity is not a proper defendant under Section 1983.  Vance v. Cnty. of Santa Clara, 928 F.Supp. 993, 996 (N.D. Cal. 1996).  Rather, the county itself is the proper defendant.  Id.  Accordingly, claim one against defendant Solano County Sheriff's Custody Division is dismissed with leave to file an amended complaint naming Solano County as a defendant.

In addition, "[a] municipality cannot be held liable solely because it employs a tortfeasor-or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691(1978).  Therefore, counties and municipalities may be sued under § 1983 only upon a showing that an official policy or custom caused the constitutional tort.  Id. at 691.

"In order to state a claim under Monell, a party must:  (1) identify the challenged policy or custom; (2) explain how the policy or custom is deficient; (3) explain how the policy or custom caused the plaintiff harm; and (4) reflect how the policy or custom amounted to deliberate indifference, i.e. show how the deficiency involved was obvious and the constitutional injury was likely to occur." Harvey v. City of S. Lake Tahoe, 2012 WL 1232420, at *3 (E.D. Cal. Apr. 12,

2012) (citing Young v. City of Visalia, 687 F. Supp. 2d 1141, 1148 (E.D. Cal. 2009). "In other words, a plaintiff must plead (1) that the plaintiff 'possessed a constitutional right of which [he or she] was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation.'" Bradley v. County of San Joaquin, 2018 WL 4026996, at *9 (E.D. Cal. Aug. 23, 2018) (quoting Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997)).

Assuming plaintiff named Solano County as a defendant in the complaint, the undersigned would find that plaintiff failed to state a potentially colorable claim for relief against defendant Solano County. The complaint does not allege that plaintiff's exposure to the alleged unsanitary and/or unsafe conditions alleged in claim one were caused by a policy or custom of Solano County that reflected deliberate indifference to the inhabitants of the Solano County Jail.

Turning to claim two, the undersigned finds that this claim is made against defendant Wellpath. It appear that defendant Wellpath is a private company contracted with Solano County to provide medical care at the Solano County Jail. See Patino v. County of Monterey, 2023 WL 375349, at *1 (N.D. Cal. Jan. 24, 2023) ("The county contracts with defendant Wellpath, LLC ("Wellpath"), a private company, to provide medical, mental health and dental services to inmates at the Jail."). A private entity under contract to provide medical services to a county jail may be sued under § 1983. Estate of Miller v. County of Sutter, 2020 WL 6392565, at *10 (E.D. Cal. Oct. 30, 2020). Private entities acting under color of law may be liable under Monell. Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1139 (9th Cir. 2012).

For the following reasons, the undersigned finds that claim two fails to state a potentially colorable claim for relief against defendant Wellpath. First, plaintiff does not identify the disease she was allegedly exposed to. Second, plaintiff does not allege sufficient facts to state a Monell claim against defendant Wellpath. Plaintiff does not allege that defendant Wellpath failed to provide her with instructions regarding how to avoid contracting the disease pursuant to a policy or custom of defendant Wellpath and that the policy or custom reflected deliberate indifference to the inhabitants of the Solano County Jail. For these reasons, claim two is dismissed with leave to

4

amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which she complains resulted in a deprivation of plaintiff's constitutional rights.  See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988).  Also, the complaint must allege in specific terms how each named defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Solano County Sheriff filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

      a. The completed Notice of Amendment; and

      b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

      Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: April 17, 2023

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Oliv661.14

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA R. OLIVEIRA,<br><br>    Plaintiff,<br><br>    v.<br><br>SOLANO COUNTY SHERIFF'S CUSTODY DIVISION, et al.,<br><br>    Defendants. | No. 2: 23-cv-0661 KJN P<br><br>NOTICE OF AMENDMENT |

Plaintiff hereby submits the following document in compliance with the court's order filed_____.

DATED: _____          Amended Complaint

                              _____
                              Plaintiff